UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LISA DAFFERN AS PROVISIONAL TUTRIX OF BRITTANY JANE ROGERS | * | CIVIL ACTION NO. 10-01211 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING AND ORDER

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand [doc. # 9] filed by plaintiff Lisa Daffern, as provisional tutrix of Brittany Jane Rogers.[1] Removing defendants State Auto Property & Casualty Insurance Company, and Herman A. Johnson, Jr., oppose the motion.[2]

On July 1, 2010, Lisa Daffern, as provisional tutrix of Brittany Jane Rogers, filed the instant suit in the Third Judicial District Court, for Union Parish, State of Louisiana, against defendants State Auto Property & Casualty Insurance Co. ("State Auto") and Herman A. Johnson, Jr. ("Johnson"). *See* Pet. for Damages, Doc. # 1-1, Ex. 1 ("Petition"). The petition

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Co-defendant Herman A. Johnson, Jr. consented to the removal on July 29, 2010. Doc. # 1-1, Ex. 5. For clarity, all future references to "removing defendants" should be understood to mean defendants State Auto Property & Casualty Company and Herman A. Johnson, Jr.

alleges that, on or about July 5, 2009, Brittany Jane Rogers, a minor, suffered injuries while a passenger in an automobile operated by defendant Johnson. Petition, ¶ 3. The accident occurred on Louisiana Highway 2, near Louisiana Highway 143, in Union Parish, Louisiana. *Id.* The petition alleges that the accident was "the fault of, and proximately caused by" defendant Johnson in the following aspects:

    a.    By operating his vehicle in a careless manner in violation of Louisiana Revised Statute 32:58;

    b.    By failing to maintain reasonable and proper condition of said vehicle upon a public road by operating it with "bald" tires;

    c.    In operating the vehicle under his control in a reckless and negligent manner;

    d.    By failing to see what should have been seen; and

    e.    All other acts of fault which were the cause of the collision sued upon and will be shown at the trial of this matter.

*Id.*, ¶ 4.

Plaintiff seeks recovery for her resultant bodily and mental injury damages.[3] *Id.*, ¶ 5.

On July 29, 2010, defendant State Auto removed this suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. Notice of Removal, Doc. # 1. In the Petition for Damages, plaintiff Lisa Daffern asserts that she is a resident and domiciliary of Bossier Parish, in Louisiana. Petition, Doc. # 1-1, Ex. 1, p. 1. State Auto is a foreign insurer existing under the laws of Ohio, with its principal place of business located in Columbus, Ohio. Doc. # 1, ¶ 5. Defendant Johnson is, and was at the time plaintiff filed the underlying suit, a resident of

---

[3] Brittany Jane Rogers' damages include "bodily injury, together with mental anguish and physical suffering, expenses for medical care, including expenses for travel to the physician's office..." (Petition, ¶ 5).

Hope, Arkansas. *Id.* As such, removing defendants contend, the suit is between citizens of different states, and there is complete diversity of citizenship between the parties for purposes of 28 U.S.C. § 1332.[4]

Plaintiff filed the instant motion on August 24, 2010. Doc. # 9. Plaintiff submits that Lisa Daffern is a citizen of Louisiana; however, plaintiff contends that the citizenship of the minor, Brittany Jane Rogers, is determinative for purposes of diversity. Doc. # 9-1, p. 4. As Brittany is a citizen of Arkansas, complete diversity does not exist because defendant Johnson is also a citizen of Arkansas. *Id.*

On September 21, 2010, the undersigned issued an order granting defendant Johnson's motion for leave to take the limited deposition of plaintiff Lisa Daffern for the purposes of resolving jurisdictional issues. Doc. # 21. The undersigned also granted defendant Johnson's motion for extension of time to file a response to the underlying motion. Doc. # 22.

On November 15, 2010, defendant Johnson filed his opposition to the underlying motion. Doc. # 23. Defendant State Auto adopted the law and argument contained in Johnson's opposition on November 15, 2010. Doc. # 24. Plaintiff filed her reply on November 23, 2010. Doc. # 27. The matter is now before the court.

## LAW AND ANALYSIS

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The

---

[4] As will be discussed below, removing defendants further contend that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332.

removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. The removal statutes are strictly construed in favor of remand. *Id*.

I.   **Complete Diversity of Citizenship**

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). In cases removed from state court, diversity of citizenship must exist at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). If diversity of citizenship does not exist at the time of filing in state court, removal will still be considered proper and timely so long as, after the defendant ascertains that the case has become removable, the defendant removes to federal court with 30 days, and the removal is within "1 [one] year after commencement of the action." *Badon v. R.J.R. Nabisco Inc.*, 224 F.3d 382, 388-89 (5th Cir. 2000) (citing 28 U.S.C. § 1446(b)); *Louisiana State Bar Ass'n v. Weitz & Luxenberg, P.C., et al.*, 09-6366, 2009 WL 4547686 *3 (E.D.La. 11/30/2009).

For purposes of diversity jurisdiction, the courts have equated domicile with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974). Domicile is determined by two factors: actual residence in a state, and the intention to remain there indefinitely. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). "Domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Id*. An individual inherits a "domicile of origin" at birth which remains in effect until a new one is acquired. *Id*.

4

A change in domicile is usually established by: (1) physical presence at the new location and (2) an intention to remain there indefinitely. *Coury*, 85 F.3d. at 250 (citations omitted). In determining a party's domicile, the court must address a variety of factors; no individual factor is determinative. *Id.* The relevant factors include, but are not limited to: "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.*

### A.    Citizenship of a Minor Child

The diversity jurisdiction statute further provides, and plaintiff submits, that "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same state as the infant or incompetent." 28 U.S.C. § 1332 (c)(2). However, the inquiry must continue into where the "infant," or minor child, is domiciled. Because most minor children are "legally incapable of forming the requisite intent to establish a domicile," their domicile is determined by that of their parents. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. at 48 (citing *Yarborough v. Yarborough*, 290 U.S. 202, 211, 54 S.Ct. 181, 185 (1933)).

Herein lies the crux of the parties' dispute concerning Brittany Jane Rogers' domicile. Pursuant to 28 U.S.C. § 1332 (c)(2), for purposes of the case *sub judice*, Lisa Daffern would be a citizen only of the state where Brittany Jane Rogers is a citizen. To determine Brittany's citizenship, one would normally look to her parents and determine their domicile. Brittany's father, Ralph Garner Rogers, is a domiciliary of the state of Arkansas.[5]  However, at the time the

---

[5] Due to substance abuse problems, Brittany's biological mother has not had custody of her since she was a young child. Dep. of Lisa L. Daffern, Oct. 28, 2010 (Doc. # 23-3, Ex. C, 8:12-18). According to Lisa Daffern, prior to Ralph Garner Rogers obtaining guardianship of his

lawsuit was filed, Mr. Rogers was not the acting guardian of Brittany, as he was incarcerated in Arkansas. Aff., Apr. 27, 2010 (Doc. # 27-2, ¶ 3). Indeed, the lawsuit was not filed by Mr. Rogers, but by Ms. Daffern, acting as provisional tutrix of Brittany. *See* Petition, Doc. # 1-1. Prior to filing the underlying petition, Ms. Daffern became provisional tutrix to Brittany pursuant to an Order filed in 26th Judicial District Court, in Bossier Parish, Louisiana. Order, July 1, 2010 (Doc. # 23-2, Ex. B).

As admitted in his "Affidavit to Grant Temporary Guardianship," Mr. Rogers is currently "unable to provide parental care and guidance" for Brittany. Aff., Doc. # 27-2.[6] Therefore, Mr. Rogers divested guardianship of his daughter to Brittany's two maternal aunts: Lisa Daffern, a

---

daughter, it was his mother, "Mrs. Rogers," who was the legal guardian of Brittany from the time she was "4 or 5" years old. *Id.* at 18:13-21. Although her paternal grandmother was Brittany's legal guardian, Brittany's father also resided in the Arkansas home with her throughout her childhood. *Id.* at 19:5-14.

On February 19, 2008, guardianship of Brittany Jane Rogers was granted to "Sonny Johnson and Paula Johnson," residents at 140 Crestwood Acres, Hope, Hempstead County, Arkansas, 71801. Order Appointing Guardians of Person and Estate, Feb. 19, 2008 (Doc. # 23-4, Ex. D, pp. 1-3). According to the deposition of Lisa Daffern, as well as defendant Johnson's memorandum in opposition to the underlying motion, "Sonny Johnson" and defendant Herman A. Johnson, Jr. are the same individual; Paula is his wife. Doc. # 23, p. 3. It was during the Johnsons' guardianship that the subject automobile accident occurred, "on or about" July 5, 2009. Petition, Doc. # 1-1.

On December 16, 2009, Ralph Garner Rogers was appointed guardian of Brittany Jane Rogers, resigning Sonny Johnson and Paula Johnson as co-guardians of Brittany. Doc. # 23-4, Ex. D.

[6] At the time of signing his affidavit, Mr. Rogers was incarcerated at the Pulaski County Detention Center in Little Rock, Arkansas. Relevant portions of the affidavit include:

> "Pursuant to Ark. Code Ann. Section 28-65-101 *et seq.* I hereby grant temporary guardianship to the following persons to make any and all educational, health, medical, dental decisions for my minor daughter, Brittany Jane Rogers. I fully understand that she will be enrolled in the Bradley School District in Bradley, Arkansas as soon as possible."

Doc. # 27-2, ¶ 4.

Louisiana citizen; and Cynthia Smith Alford, whose address is listed as a post office box in Arkansas.  Doc. # 27-2, ¶ 5.  Since April 24th or 25th, the date of Mr. Rogers' arrest in Arkansas, Brittany has been residing with Lisa Daffern in Plain Dealing, Louisiana.  Dep. of Lisa L. Daffern, Oct. 28, 2010 (Doc. # 23-3, Ex. C, 8:18-21; 14:21-24; 36:7-24).  Therefore, at the time the underlying lawsuit was commenced in Union Parish, Brittany was domiciled with her guardian, Lisa Daffern, in Louisiana.  Because Lisa Daffern was Brittany's guardian and provisional tutrix at the time the petition was filed and the case was removed, it is Lisa Daffern's domicile that will determine Brittany's domicile.

      **B.**      **Domicile of Lisa Daffern as provisional tutrix for Brittany Jane Rogers**

On October 28, 2010, the deposition of Lisa L. Daffern was taken in Plain Dealing, Louisiana, for the limited purpose of resolving jurisdictional issues.  *See* Doc. # 23-3.  As stated *supra*, Ms. Daffern currently resides in Plain Dealing, where she has lived for five years.  *Id.* at 7:18-20.  Ms. Daffern considers her Plain Dealing address to be her permanent residence, and intends to remain at that location.  *Id.* at 10:5-10; 14:17-20.  Ms. Daffern has a Louisiana driver's license and is registered to vote in the state of Louisiana.  *Id.* at 10:11-16.  Ms. Daffern works in Lewisville, Arkansas, and pays taxes to the state of Arkansas.  *Id.* at 10:17-11:4.  Ms. Daffern files a tax return in Louisiana as well, but pays no income tax to the state of Louisiana.  *Id.* at 11:5-7.  In sum, plaintiff Lisa Daffern admits to being a citizen of the state of Louisiana, as supported by her deposition testimony.  Doc. # 9-1, p. 3.  Because Lisa Daffern is the current guardian of Brittany Jane Rogers, and, indeed, filed the underlying lawsuit on Brittany's behalf,

Brittany is considered, for purposes of this lawsuit, to be a domiciliary of Louisiana.[7]

### C. Intent of the Parties

While admitting that plaintiff Lisa Daffern is a citizen of Louisiana, plaintiff contends that the facts demonstrate that neither Ralph Garner Rogers nor Ms. Daffern have shown "the requisite intent to have the minor permanently reside in Louisiana and thus change her domicile to Louisiana." Doc. # 27, p. 2. As such, plaintiff urges, Brittany should be considered to be a citizen of Arkansas. Indeed, in her deposition, Ms. Daffern explicitly states that the intent of all parties involved is to return Brittany Jane Rogers to her father in Arkansas as soon as he is relieved from house arrest. Dep. of Lisa L. Daffern, Oct. 28, 2010 (Doc. # 23-3, Ex. C, 16:17-23; 22:7-13; 27:17-25). It was never Ms. Daffern's belief or intention that Brittany would make Plain Dealing, Louisiana, her permanent home upon her arrival in April 2010. *Id.* at 27:12-16. While the intentions of the parties may certainly exist as Ms. Daffern claims, any intention regarding Brittany's residence in the future is irrelevant for purposes of the underlying motion. Domicile is determined as of the time of the commencement and removal of the suit; Brittany was a domiciliary of Louisiana at all relevant times.

Plaintiff Lisa Daffern also argues that she considers Ralph Garner Rogers to "still be the legal custodian of Brittany Jane Rogers." Doc. # 27, p. 3. Evidence of this, plaintiff continues, includes the fact that Mr. Rogers' affidavit was never filed with the probate court in Hempstead

---

[7] Of course, had Brittany Jane Rogers' other temporary guardian, Cynthia Alford, filed as Brittany's provisional tutrix, the undersigned's finding may have differed. Ms. Alford may very well be an Arkansas resident, as her address is listed as a P.O. Box in Arkansas. *See* Doc. # 27-2, ¶ 5. According to Lisa Daffern, although Ralph Garner Rogers granted guardianship of Brittany to both Ms. Daffern and Ms. Alford, Brittany has lived with Ms. Daffern as opposed to Ms. Alford "the majority of the time." Doc. # 23-3 at 24: 13-21.

County, Arkansas. Dep. of Lisa L. Daffern, Oct. 28, 2010 (Doc. # 23-3, Ex. C, 28:16-21).[8] However, contrary to Ms. Daffern's current assertions, the fact remains that it was she who filed the petition as Brittany's provisional tutrix, and there is a court order making her a provisional tutrix of the minor. The undersigned therefore finds that the evidence presented shows that Brittany was a citizen of Louisiana at the time the suit was filed, and at the time of removal. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship exists between the parties; the motion to remand on the basis of the absence of complete diversity of citizenship is therefore **DENIED**.

## II.     Amount in Controversy

While not raised or argued as a basis for remand, the court notes that it is not enough that parties seeking to remove prove complete diversity of citizenship. Pursuant to 28 U.S.C. § 1332 (a), in order for a federal court to exercise subject matter jurisdiction via diversity, the amount in controversy must be greater than $75,000.

In accordance with state law,[9] plaintiff has not specified the numerical value of her damage claims, and the court notes that the jurisdictional amount is not otherwise "facially apparent" from the complaint. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999). Furthermore, defendants have failed to set forth sufficient specific facts to establish jurisdiction. *See* Notice of Removal.

Accordingly, within the next 30 days from the date of this order, removing defendants shall file a memorandum setting forth specific facts in controversy which support a finding that the requisite amount in controversy is satisfied in this case. Supporting documentation and/or

---

[8] The affidavit was notarized by a notary public. *Id.*

[9] La. Code Civ.P. Art. 893.

9

affidavits are advisable. Plaintiff will be allowed ten days to respond to defendants' arguments.

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 2nd day of December, 2010.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE