# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| LISA DAFFERN AS PROVISIONAL TUTRIX OF BRITTANY JANE ROGERS | * | CIVIL ACTION NO.  10-01211 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## <u>MEMORANDUM RULING</u>

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand [doc. # 9] filed by plaintiff Lisa Daffern, as provisional tutrix of Brittany Jane Rogers.[1] Removing defendants State Auto Property & Casualty Insurance Company, and Herman A. Johnson, Jr., oppose the motion.[2]  For reasons stated below, the motion is **DENIED**.

### BACKGROUND

On July 1, 2010, Lisa Daffern, as provisional tutrix of Brittany Jane Rogers, filed the instant suit in the Third Judicial District Court, for Union Parish, State of Louisiana, against defendants State Auto Property & Casualty Insurance Co. ("State Auto") and Herman A.

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Co-defendant Herman A. Johnson, Jr. consented to the removal on July 29, 2010.  Doc. # 1-1, Ex. 5.  For clarity, all future references to "removing defendants" should be understood to mean defendants State Auto Property & Casualty Company and Herman A. Johnson, Jr.

Johnson, Jr. ("Johnson").  *See* Pet. for Damages, Doc. # 1-1, Ex. 1 ("Petition").  The petition

alleges that, on or about July 5, 2009, Brittany Jane Rogers, a minor, suffered injuries while a

passenger in an automobile operated by defendant Johnson.  Petition, ¶ 3.  The accident occurred

on Louisiana Highway 2, near Louisiana Highway 143, in Union Parish, Louisiana.  *Id.*  The

petition alleges that the accident was "the fault of, and proximately caused by" defendant

Johnson in the following aspects:

   a.   By operating his vehicle in a careless manner in violation of Louisiana
        Revised Statute 32:58;

   b.   By failing to maintain reasonable and proper condition of said vehicle
        upon a public road by operating it with "bald" tires;

   c.   In operating the vehicle under his control in a reckless and negligent
        manner;

   d.   By failing to see what should have been seen; and

   e.   All other acts of fault which were the cause of the collision sued upon and
        will be shown at the trial of this matter.

*Id.*, ¶ 4.

Plaintiff seeks recovery for her resultant bodily and mental injury damages.[3]  *Id.*, ¶ 5.

On July 29, 2010, defendant State Auto removed this suit to federal court on the sole

basis of diversity jurisdiction, 28 U.S.C. § 1332.  Notice of Removal, Doc. # 1.  In the Petition

for Damages, plaintiff Lisa Daffern asserts that she is a resident and domiciliary of Bossier

Parish, in Louisiana.  Petition, Doc. # 1-1, Ex. 1, p. 1.  State Auto is a foreign insurer existing

under the laws of Ohio, with its principal place of business located in Columbus, Ohio.  Doc. # 1,

---

[3]  Brittany Jane Rogers' damages include "bodily injury, together with mental anguish
and physical suffering, expenses for medical care, including expenses for travel to the physician's
office..."  (Petition, ¶ 5).

2

¶ 5.  Defendant Johnson is, and was at the time plaintiff filed the underlying suit, a resident of Hope, Arkansas.  *Id.*  As such, removing defendants contend, the suit is between citizens of different states, and there is complete diversity of citizenship between the parties for purposes of 28 U.S.C. § 1332.

Plaintiff filed the instant motion on August 24, 2010.  Doc. # 9.  On September 21, 2010, the undersigned issued an order granting defendant Johnson's motion for leave to take the limited deposition of plaintiff Lisa Daffern for the purposes of resolving jurisdictional issues.  Doc. # 21.  After adequate briefing by the parties, the undersigned issued a ruling agreeing with defendants that complete diversity of citizenship exists between the parties.  Memorandum Ruling and Order, Dec. 2, 2010, Doc. # 28.  However, whether the requisite amount in controversy had been met remained unclear.  *Id.*  Accordingly, the undersigned ordered removing defendants to file a memorandum "setting forth specific facts in controversy which support a finding that the requisite amount in controversy is satisfied in this case."  *Id.*  Thereafter, plaintiff was allowed ten days to file her response to defendants' arguments.  *Id.*

Removing defendants filed their response in support of amount in controversy on December 28, 2010.  Doc. # 29.[4]  Plaintiff filed a reply on January 5, 2011.  Doc. # 31.  The matter is now before the court.

## LAW AND ANALYSIS

## I.    Amount in Controversy Requirement

---

[4] Co-defendant Herman A. Johnson, Jr. filed a separate response on January 3, 2011, in which he "adopt[ed] by reference the memorandum submitted by co-defendant State Auto Property & Casualty Company" in support of defendants' position that the requisite amount in controversy had been met.  Doc. # 30.

3

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961).  "In general, defendants may remove a civil action if a federal court would have original jurisdiction."  *Id.* (citing 28 U.S.C. § 1441(a)).

In this case, defendants assert that federal jurisdiction exists on the basis of diversity jurisdiction, which, of course, requires complete diversity of citizenship and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  Discrepancies between the parties concerning diversity of citizenship were resolved in the court's earlier ruling and order, *see* Doc. # 28.  The current matter to be resolved is whether the amount in controversy exceeds the jurisdictional minimum of $75,000.

The Fifth Circuit has

established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1).  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (internal citation omitted).

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*,

4

134 F.3d 1250, 1254 (5th Cir. 1998).  "If a defendant is successful in proving that the amount in controversy exceeds the jurisdictional limit, the burden shifts to plaintiff to show with legal certainty that he or she will not be able to recover more than $75,000."  *Hummel v. State Farm Mut. Auto. Ins. Co.*, No. 04-1386, 2005 U.S. Dist. LEXIS 127, at *5 (E.D. La. Jan. 5, 2005) (citing *De Aguilar*, 47 F.3d at 1411-12).

In the case *sub judice*, plaintiff did not specify the numerical value of her damage claims, in accordance with state law.  La. Code Civ.P. Art. 893.  Also according to Louisiana law, if a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages, a general allegation that the claim is less than the requisite amount is required.  La. C.C.P. art. 893(A)(1).  Defendants correctly note that, in her original petition, plaintiff failed to "include an allegation that her claims are less than the requisite amount for diversity jurisdiction."  Doc. # 29, pp. 5-6; *see* Petition for Damages, Doc. # 1-1. However, while plaintiff's failure to include such an allegation creates a "strong presumption" in favor of federal court jurisdiction, it "is not, in and of itself, determinative of the amount in controversy."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938); *Haydel v. State Farm Mutual Automobile Insurance Co.*, 09-939-C,  2008 WL 2781472 (M.D. La. 7/10/2008).

One way for a plaintiff to satisfy the "legal certainty test" described in *Hummel*, *supra*, is to "file a binding stipulation or affidavit with the *original* complaint."  *Franco v. Teasdale*, 06-2754, 2006 WL 2224743, *1 (E.D. La. 8/1/2006).  Because jurisdiction is determined at the time of removal, "post-removal affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."  *Gebbia*, 233 F.3d at 881 (citing *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales (ANPAC) v. Dow Quimica de Colombia S.A.*, 988

F.2d 559 (5th Cir. 1993).  In other words, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."  *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (U.S. 1938); *ANPAC*, 988 F.2d at 575).

Here, the court noted in its earlier ruling that the jurisdictional amount is not otherwise "facially apparent" from the complaint. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999).  Further, defendants' notice of removal does not shed any light as to whether the amount in controversy requirement has been met, except to state in a conclusory manner that the minor plaintiff, Brittany Jane Rogers, "sustained bodily injury, together with mental anguish and permanent suffering, expenses for medical care" and that Brittany "suffered permanent scarring." Doc. # 1, ¶ 6.  Defendants now argue that "[p]laintiff's Rule 26 disclosures alleging damages in excess of $350,000 are dispositive of any issue regarding the amount in controversy."  Johnson's Mem. Regarding Amount in Controversy, Jan. 3, 2011 [Doc. # 30].

In accordance with Fed.R.Civ.P. 26(a)(1), plaintiff specifically stated in her disclosure:

> As the injured minor, Brittany Jane Rogers, is still receiving medical care for her injuries, the computation of her injuries is being developed.  However, subject to the above reservation and in the spirit of disclosure:

| | |
|---|---|
| Past Medical Expenses (estimate) | $4,437.30 |
| Future Medical Expenses (estimate) | $100,000.00 |
| Loss of Income / Impaired Earning Capacity | unknown at this time |

General Damages                                     $250,000.00

Rule 26(a)(1) Disclosures by Plaintiff, Lisa Daffern as Provisional Tutrix of Brittany Jane Rogers, ¶ C, Doc. # 29-3.

As plaintiff's own damage calculations, defendants argue, support the conclusion that the amount in controversy is satisfied, the motion to remand should be denied.

A "plaintiff's Rule 26 disclosure may prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Mullet v. State Farm Fire & Cas. Co.*, 06-10006, 2008 WL 2002281 (E.D. La. 5/7/2008). Plaintiff now contends that she will "stipulate that her damages are less than $75,000 if it will result in remand;" however, plaintiff does not provide such a stipulation or affidavit with her response. Due to the fact that plaintiff earlier estimated her damages at well above the amount in controversy threshold, the undersigned agrees with defendants that the amount in controversy has been satisfied.

## CONCLUSION

For the foregoing reasons, the court finds that defendant has established by a preponderance of evidence that the amount in controversy exceeded $75,000 at the time of removal. Thus, the court enjoys subject matter jurisdiction, via diversity. 28 U.S.C. § 1332.

Accordingly,

The motion to remand [doc. # 9] filed by plaintiff, Lisa Daffern, as provisional tutrix and on behalf of minor plaintiff, Brittany Jane Rogers, is hereby **DENIED**.

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 20th day of January, 2011.

KAREN L. HAYES

U. S. MAGISTRATE JUDGE