RECEIVED
IN MONROE, LA.
MAR 1 8 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| LISA DAFFERN | CIVIL ACTION NO. 10-1211 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Plaintiff Lisa Daffern's ("Daffern") Appeal [Doc. No. 37] of the Magistrate Judge's Memorandum Rulings [Doc. Nos. 28 & 32] denying Daffern's Motion to Remand [Doc. No. 9]. For the following reasons, Daffern's Appeal is DENIED, and the Magistrate Judge's Memorandum Rulings are AFFIRMED.

### I. BACKGROUND

On July 1, 2010, Daffern, as provisional tutrix of Brittany Jane Rogers ("Rogers"), a minor, filed this lawsuit against Defendants State Auto Property & Casualty Insurance Company ("State Auto") and Herman A. Johnson, Jr. ("Johnson") in the Third Judicial District Court, Union Parish, for the State of Louisiana. Daffern alleged that Rogers suffered mental and physical injuries and incurred expenses as a result of an automobile accident caused by Johnson's negligence. [Doc. No. 1-2, pp. 8-9, ¶¶ 3-6].

On July 29, 2010, State Auto removed the lawsuit to this Court, pursuant to 28 U.S.C. § 1332, stating that complete diversity of citizenship existed between the parties and the amount in controversy exceeded $75,000. [Doc. No. 1]. On August 24, 2010, Daffern filed a motion to remand on the basis that diversity of citizenship did not exist between the parties. [Doc. No. 9]. On December 2, 2010, the Magistrate Judge denied Daffern's motion to remand [Doc. No. 28], finding that diveristy of citizenship existed, but *sua sponte* ordered Defendants to file a memorandum

showing that the amount in controversy exceeded $75,000. On January 20, 2011, after further briefing by the parties, the Magistrate Judge ruled that the amount-in-controversy requirement had been satisfied and again denied Daffern's motion to remand. [Doc. No. 32].

## II. STANDARD OF REVIEW

Motions to remand are non-dispositive pre-trial matters.[1] Under 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a), the Court reviews a magistrate judge's rulings on non-dispositive matters only to determine whether they are clearly erroneous or contrary to law.

## III. ANALYSIS

Daffern appeals the Magistrate Judge's rulings denying her motion to remand on two grounds. First, Daffern argues that the Magistrate Judge erred in finding that there was diversity of citizenship between the parties.[2] Second, Daffern argues that the Magistrate Judge erred in finding that the amount in controversy for diversity jurisdiction was present.

### A. Diversity of Citizenship

"When removal is based on diversity of citizenship, diversity must exist at the time of removal." *Richey v. Wal-Mart Stores, Inc.*, 390 Fed. App'x 375, 377 (5th Cir. 2010) (internal quotation marks and citation omitted). Further, "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. §

---

[1] The Court is aware that other courts have held that motions to remand are dispositive motions and review a magistrate judge's rulings on them *de novo*. However, the Fifth Circuit has not addressed what standard of review should be applied to a district court's review of a magistrate judge's ruling on a motion to remand, and this Court has adhered to the view that a motion to remand is a non-dispositive pre-trial matter and applies the clearly erroneous/contrary to law standard of review. *Davis v. Kemp*, No. 08-2027, 2009 WL 1307890, at *1 (W.D. La. May 11, 2009). However, the Court would reach the same conclusions in this case under a *de novo* review.

[2] State Auto correctly notes that Daffern did not timely appeal the Magistrate Judge's ruling regarding diversity of citizenship. However, as the ruling relates to the Court's subject-matter jurisdiction, the Court will address Daffern's arguments on this issue.

2

1332(c)(2). Therefore, in this case, Daffern, as Rogers' legal representative, is deemed to be domiciled where Rogers is domiciled. In her first Memorandum Ruling, the Magistrate Judge found that Rogers was domiciled in Louisiana and, thus, that Daffern was domiciled in Louisiana.

Daffern argues that the Magistrate Judge erroneously determined that Rogers' domicile changed from Arkansas, where she was born and lived with her father, to Louisiana because (1) there was never an intent to change Rogers' domicile or permanent residence and (2) Daffern's appointment as Rogers' provisional tutrix did not affect Rogers' domicile. If Rogers' domicile remained in Arkansas at the time of removal, then diversity of citizenship did not exist, as Defendant Johnson was also domiciled in Arkansas.

In this case, Rogers is an unemancipated minor. Therefore, her domicile is determined solely by looking to the domicile of her parents or guardian, not by performing the usual domicile inquiry, which consists of determining a person's actual residence and whether she intends to remain there. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 22 (1971) ("(1) A minor has the same domicil as the parent with whom he lives. (2) Special rules are applied to determine the domicil of a minor who does not live with a parent.").

When determining a minor's domicile, courts look to the domicile of the minor's guardian if the minor lives with her guardian. *Elliott v. Krear*, 466 F. Supp. 444, 447 (D.C. Va. 1979) (finding a minor's domicile to be that of his grandparents, who acted *in loco parentis*, even though his parent retained legal custody); *Linville v. Price*, 572 F. Supp. 345, 347-48 (D.C. W. Va. 1983) (minor's domicile was his aunt and uncle's domicile because they acted *in loco parentis*); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 22, cmts. h & i (1971) (if a minor lives with her guardian, then whether the guardian is court-appointed or acts *in loco parentis*, the minor takes the guardian's domicile).

At the time of removal, Rogers did not live with either of her parents. Her father was incarcerated, and her mother has not had custody of her since she was a young child. On April 27, 2010, during his incarceration, Rogers' father executed an affidavit indicating that he wanted Daffern and Cynthia Smith Alford, Rogers' biological aunts, to have temporary guardianship of Rogers.[3] Then, on July 1, 2010, Daffern was appointed as Rogers' provisional tutrix by the 26th Judicial District Court, Bossier Parish, for the State of Louisiana. Under Louisiana law, a provisional tutor functions as a guardian. A provisional tutor takes care of the minor's person, preserves the minor's rights and property, and has the same authority, duties, and obligations as a tutor. *See* LA. CODE CIV. PROC. art. 4073. Finally, Rogers lived with Daffern in Louisiana when the lawsuit was filed and when it was removed to this Court.

Based on the foregoing, Daffern's arguments are misplaced. Because Daffern, Rogers' guardian and provisional tutor, was domiciled in Louisiana at the time of removal,[4] Rogers was domiciled in Louisiana at the time of removal. *See* LA. CIV. CODE art. 41 ("The domicile of an unemancipated minor under tutorship is that of his tutor.");[5] LA. CODE CIV. PROC. art. 4073 (under Louisiana law, a provisional tutor functions as a minor's guardian).

In light of the foregoing, the Court agrees with the Magistrate Judge's determination that Rogers was domiciled in Louisiana at the time of removal. Thus, the Court finds that the Magistrate Judge correctly ruled that diversity of citizenship existed between the parties, and Daffern's Appeal of the Magistrate Judge's first Memorandum Ruling [Doc. No. 28] is DENIED.

---

[3] This affidavit was apparently never filed with a court.

[4] The Court agrees with the Magistrate Judge's finding that Daffern was domiciled in Louisiana, and the parties do not dispute this on appeal.

[5] Although domicile is a question of federal common law, courts look to state law for guidance. *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003).

4

### B. Amount in Controversy

Daffern also argues that the Magistrate Judge erred in ruling that the amount in controversy required for diversity jurisdiction was satisfied in this case. First, Daffern asserts that, because State Auto did not demonstrate that the amount in controversy was greater than $75,000 when it removed the lawsuit to this Court, removal was improper. Second, Daffern asserts that it was improper for the Magistrate Judge to rely on her Rule 26 disclosures because she does not believe the disclosures aided the Court in ascertaining the amount in controversy on the date of removal. Finally, Daffern argues that the Magistrate Judge construed the Court's diversity jurisdiction broadly, contrary to Fifth Circuit case law.

In cases removed to federal court, when "the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). However, "'[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy'" is satisfied. *Id.* (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). Under Louisiana law, plaintiffs are generally not allowed to allege a sum certain in their petitions. *See* LA. CODE CIV. PROC. art. 893.

Removing defendants establish by a preponderance of the evidence that the amount in controversy is satisfied when it is facially apparent from the plaintiff's petition or complaint or when they "set[] forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335. Removing defendants must show by a preponderance of the evidence that the *amount in controversy* exceeds $75,000, not that a plaintiff's actual damages exceed $75,000. "In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Id.* at 1336. Such evidence

5

may only be considered if the amount in controversy is ambiguous at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

If the removing defendant establishes by a preponderance of the evidence that the requisite amount in controversy is satisfied, then to avoid federal jurisdiction, the plaintiff must show, to a legal certainty, that her damages will not exceed $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The plaintiff can make this showing by pointing to a state law limiting the plaintiff's damages or by filing a binding stipulation limiting damages with the state-court petition. *Id.* Stipulations filed after the defendant has removed the case are irrelevant. *Id.*

In this case, the Magistrate Judge determined that State Auto did not establish by a preponderance of the evidence that the amount in controversy was satisfied in its notice of removal. Although Daffern argues that this failure should result in remand, Fifth Circuit case law establishes that courts may consider evidence submitted after the time of removal, so long as the amount in controversy at the time of removal was ambiguous and the evidence relates to the amount in controversy at the time of removal. *Gebbia, Inc.*, 233 F.3d at 883; *Allen*, 63 F.3d at 1335.

The Magistrate Judge found that it was not facially apparent from Daffern's petition that the requisite amount in controversy was met and that the amount in controversy at the time of removal was ambiguous. Therefore, the Magistrate Judge properly relied upon Daffern's Rule 26 disclosures, i.e., summary judgment-type evidence submitted by the parties, in determining that the amount in controversy was likely greater than $75,000. While Daffern argues that her Rule 26 disclosures, which estimated her damages at more than $350,000, are not relevant to the amount in controversy on the date of removal, she fails to explain why, except to state that they were "estimates" and were "uncertain." [Doc. No. 37-1, p. 10].

Although State Auto removed this case on July 29, 2010, and Daffern served her disclosures to opposing counsel on September 11, 2010 [Doc. No. 29-3, p. 6], it does not appear to the Court that

there was any intervening change in Daffern's estimated damages, and Daffern does not assert that the intervening time altered the amount in controversy. Further, while Daffern's disclosures may not provide a precise calculation of actual damages, this does not preclude the Court from relying on them in finding that State Auto established the requisite *amount in controversy* by a preponderance of the evidence. Thus, since Daffern's Rule 26 disclosures estimated that her damages were more than $350,000, the Magistrate Judge correctly ruled that the requisite amount in controversy at the time of removal was established by a preponderance of the evidence.

Finally, as to Daffern's argument that the Magistrate Judge broadly construed the Court's diversity jurisdiction, the Court disagrees. Although Daffern is correct that federal courts resolve doubts about the propriety of removal in favor of remand, *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), the Court finds that the Magistrate Judge correctly applied federal law in ruling that removal was proper.

Therefore, Daffern's Appeal of the Magistrate Judge's second Memorandum Ruling [Doc. No. 32] is also DENIED.

## IV. CONCLUSION

For the foregoing reasons, Daffern's Appeal [Doc. No. 37] is DENIED, and the Magistrate Judge's Memorandum Rulings [Doc. No. 28 & 32] are AFFIRMED.

MONROE, LOUISIANA, this 18 day of March, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE