**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| LISA DAFFERN | CIVIL ACTION NO. 10-1211 |
| VERSUS | JUDGE ROBERT G. JAMES |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, ET AL. | MAG. JUDGE KAREN L. HAYES |

**RULING**

Pending before the Court are a Motion for Summary Judgment [Doc. No. 45] filed by Defendant Herman Johnson, Jr. ("Johnson") and a Motion for Summary Judgment [Doc. No. 47] filed by Defendant State Auto Property & Casualty Insurance Company ("State Auto"). For the following reasons, both motions are GRANTED.

**I.  FACTUAL AND PROCEDURAL HISTORY**

This case arises out of a motor vehicle accident in Union Parish, Louisiana, on July 5, 2009. Brittany Rogers ("Brittany") was a passenger in a car driven by Johnson and was injured in the accident.

At the time of the accident, Brittany lived with Johnson and his wife in Hope, Arkansas, and the Johnsons served as her guardians. After the accident, Brittany's father, Ralph Rogers ("Rogers"), a citizen of Arkansas, was appointed as Brittany's guardian, and Johnson and his wife resigned as co-guardians. Shortly thereafter, Rogers was incarcerated and transferred guardianship of Brittany to Brittany's two maternal aunts, Lisa Daffern ("Daffern") and Cynthia S. Alford ("Alford"), both citizens of Louisiana. Brittany currently lives with Daffern in Plain Dealing, Louisiana.

On July 1, 2010, Daffern filed suit on behalf of Brittany in the Third Judicial District Court,

Parish of Union, Louisiana, against Johnson and Johnson's motor vehicle insurer, State Auto. Daffern alleged that Johnson was negligent and caused Brittany's injuries and that State Auto owed Brittany benefits pursuant to Johnson's motor vehicle insurance policy, which was in effect at the time of the accident.

On July 29, 2010, State Auto removed the case to this Court on the basis of diversity jurisdiction. Daffern then filed a Motion to Remand, which this Court denied. In denying the Motion to Remand, the Court found that, among other things, complete diversity existed between the parties because, at the time this suit was filed, State Auto was a foreign insurer existing under the laws of Ohio, with its principal place of business located in Columbus, Ohio; Johnson was a citizen of Arkansas; and Daffern and Brittany were citizens of Louisiana..

Johnson and State Auto have now filed motions for summary judgment.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Johnson's Motion for Summary Judgment

Johnson asserts that the Court should apply Arkansas law and find that Johnson is immune from Daffern's claim under Arkansas' parental immunity doctrine. Arkansas law "proscribes an unemancipated minor from maintaining an action for an involuntary tort against his parent" that does not involve a direct action against an insurer for uninsured-motorist benefits. *Greenwood v. Anderson*, 324 S.W.3d 324, 326 (Ark. 2009) (citing *Attwood v. Estate of Attwood*, 633 S.W.2d 366 (Ark. 1982); *Fields v. Southern Farm Bureau Cas. Ins. Co.*, 87 S.W.3d 224 (Ark. 2002)). Arkansas' parental immunity doctrine extends parental immunity to legal guardians. *Fields*, 87 S.W.3d at 83 ("[A] parent or person acting *in loco parentis* is immune from suit for an unintentional injury to his child . . . .").

Daffern asserts that the Court should apply Louisiana law and find that Johnson is not immune. Under Louisiana law, a person's status as a minor does not defeat her substantive cause of action against the minor's parent or legal guardian, but operates as a procedural bar delaying the action until the minor is emancipated or reaches the age of majority. *See* LA. REV. STAT. § 9:571; *Walker v. Milton*, 268 So.2d 654, 655-56 (La. 1972).

3

"When sitting in diversity, a federal court will apply the choice of law rules of the forum state." *Delta Seaboard Well Servs., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 602 F.3d 340, 343 (5th Cir. 2010) (citation omitted). Accordingly, Louisiana's choice-of-law rules control which state's substantive law[1] governs the issue[2] of whether Johnson is immune from Daffern's claim.

Louisiana Civil Code Article 3515 provides that, except as otherwise provided in Book IV of the Code, "an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." Article 3515 states that the Court should

> evaluat[e] the strength and pertinence of the relevant policies of the involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Similarly, Louisiana Civil Code Article 3542 provides that, except as otherwise provided in Title VII of the Code, "an issue of delictual . . . obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." Article 3544 states that the Court should

---

[1] To determine the substantive "state law, federal courts sitting in diversity look to the final decisions of the state's highest court." *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003) (citation omitted). "In the absence of a final decision by the state's highest court on the issue at hand, it is the duty of the federal court to determine, in its best judgment, how the highest court of the state would resolve the issue if presented with the same case." *Id*.

[2] "Louisiana's conflict of laws principles recognize the concept of 'depecage,' as [Louisiana Civil Code Articles] 3515 and 3542 use the term 'issue.' Under this concept, courts must utilize an issue-by-issue analysis which may result in laws of different states being applied to different issues in the same dispute." *Rigdon v. Pittsburgh Tank & Tower Co., Inc.*, 95-2611 (La. App. 1 Cir. 11/8/96); 682 So.2d 1303, 1306 (citing LA. CIV. CODE art. 3515 cmt. (d)).

evaluat[e] the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

A more specific choice-of-law provision is found in Louisiana Civil Code Article 3544, which states:

Issues pertaining to loss distribution and financial protection are governed, as between a person injured by an offense or quasi offense and the person who caused the injury, by the law designated in the following order:

(1) If, at the time of the injury, the injured person and the person who caused the injury were domiciled in the same state, by the law of that state.

Issues pertaining to loss distribution and financial protection include rules providing immunity from suit. *See* LA. CIV. CODE art. 3543 cmt. (a) ("[R]ules that . . . provide immunity from suit are 'rules of loss-distribution and financial protection.'"). Daffern's claim against Johnson involves whether Johnson is immune from claims brought on behalf of Brittany. Therefore, Article 3544 is applicable to the case at hand, and "being more specific, prevails over Article 3542" and Article 3515. LA. CIV. CODE art. 3515 cmt. (a) & 3542 cmt. (c).

At the time of the accident, Johnson and Brittany were both domiciled in Arkansas. Because both Brittany and Johnson were domiciled in the same state at the time of the accident, in accordance with Article 3544, the issue of whether Johnson is immune from claims brought on behalf of Brittany is governed by Arkansas law.

As previously noted, Arkansas law "proscribes an unemancipated minor from maintaining an action for an involuntary tort against his parent" or legal guardian that does not involve a direct action against an insurer for uninsured-motorist benefits. *Greenwood*, 324 S.W.3d at 326. Daffern

alleges that Johnson committed an involuntary tort[3] and does not seek uninsured-motorist benefits. Therefore, in accordance with Arkansas' parental immunity doctrine, Johnson is immune from Daffern's negligence claim alleged on behalf of Brittany.

Daffern argues that the parental immunity issue should be governed by Louisiana law because "only a single state [Louisiana] has an interest in the application of its law, and the other state involved [Arkansas] has no interest in the application of its law in the case." [Doc. No. 49, p. 4 (citing *Jagers v. Royal Indem. Co.*, 276 So.2d 309, 311 (La. 1973)]. She reasons that Arkansas has no interest in "[a] Louisiana resident bringing a claim in Louisiana court, arising out of an accident in Louisiana, against an Arkansas resident." *Id*. Daffern's argument presumes that Brittany is a Louisiana resident for purposes of applying Louisiana's choice-of-law rules. While Daffern and Alford were domiciled in Louisiana and were Brittany's guardians at the time this suit was filed and removed, Johnson and his wife were domiciled in Arkansas and were Brittany's guardians at the time of the accident. LA. CIV. CODE. art. 3544(1) ("If, at the time of the injury, the injured person and the person who caused the injury were domiciled in the same state, by the law of that state."). Brittany resided in Arkansas from her birth up to the time of the accident. For purposes of applying Article 3544, the injured person's domicile after an injury is irrelevant. Arkansas' interest in this suit is not lessened by Daffern's subsequent appointment as Brittany's guardian.

Daffern also argues that Article 3544 "is not intended to be a one stop analysis" and that the

---

[3]Daffern argues that Arkansas' parental immunity doctrine does not apply because torts committed willfully are "beyond the scope of the parental immunity doctrine as it is applied in Arkansas." [Doc. No. 49, p. 13 (citing *Attwood*, 633 S.W.2d at 366)]. However, in her petition, Daffern alleges that Johnson was negligent, not that Johnson committed a willful or intentional tort.

6

Court should apply the "escape clause" of Article 3547[4] because the policies of Louisiana would be more seriously impaired if its law were not applied to the parental immunity issue. *See* [Doc. No. 49, pp. 6-12]. However, Daffern's claim against Johnson fits squarely within Article 3544, and, when applicable, Article 3544, "being more specific, prevails over Article 3542." LA. CIV. CODE art. 3544 cmt. (c). Although "the rules provided in [Article 3544] may, in exceptional cases, be subordinated to the principles of Article 3542," Daffern offers no compelling reason why this case is an exceptional case. *Id.*; LA. CIV. CODE art. 3547.

Finally, Daffern argues that, even if Arkansas law applies, this Court "should make an 'Erie Guess' and find that an exception to the parental immunity doctrine exists for claims against automobile liability insurance." [Doc. No. 49, pp. 15-18]. Specifically, Daffern argues that, if presented with this case, the Arkansas Supreme Court would create an exception to the parental immunity doctrine "for claims against automobile liability insurers for the damages to a child caused by the parent's negligence." *Id.* at 17. However, in *Greenwood* and *Fields*, the Arkansas Supreme Court unequivocally stated that there are only two exceptions to the parental immunity doctrine–for intentional or willful torts and for a direct action against an insurer for uninsured-motorist benefits. *Greenwood*, 324 S.W.3d at 326 ("Under current Arkansas law, two recognized exceptions to the parental immunity exist: (1) when the parent has committed an intentional or willful tort; [and] (2) when the suit is a direct action against an insurer and the damages sought are uninsured-motorist

---

[4]Louisiana Civil Code Article 3547 provides:

The law applicable under Articles 3543-3546 shall not apply if, from the totality of the circumstances of an exceptional case, it is clearly evident under the principles of Article 3542, that the policies of another state would be more seriously impaired if its law were not applied to the particular issue. In such event, the law of the other state shall apply.

benefits."); *Fields*, 87 S.W.3d at 231 ("In all other matters, where exceptions have not been made in our case law, we retain the [parental immunity] doctrine."). Because the Arkansas Supreme Court has already spoken to the issue of exceptions to the parental immunity doctrine, this Court may not inquire further.

### C. State Auto's Motion for Summary Judgment

Johnson's insurance policy in effect at the time of the accident states that the policy "do[es] not provide Liability Coverage for any 'insured' for 'bodily injury' to [the insured] or any 'family member'." [Doc. No. 47-3, p. 34]. The policy defines "family member" as "a person related to [Johnson] by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." *Id*. at 19. At the time of the accident, Brittany was a ward or foster child of Johnson and was therefore not entitled to benefits under the policy.

However, Daffern contends that the Court should apply Louisiana law and find that the policy's exclusion for bodily injury to any family member is unenforceable. LA. REV. STAT. § 22:1282 (declaring such clauses unenforceable). State Auto asserts that the Court should apply Arkansas law and find that the exclusionary clause is enforceable. *See Cook v. Wausau Underwriters Ins. Co.*, 772 S.W.2d 614, 616 (Ark. 1989) (holding that such clauses are enforceable).

Louisiana Revised Statute Section 22:1282 provides:

> No motor vehicle liability insurance policy . . . shall limit the coverage of, or the amount that can be recovered by, the named insured, or the spouse or other family member of the named insured, . . . for whom the policy provides coverage or potential recovery . . . . Any provision of a motor vehicle insurance policy **issued in, or for delivery in, the state of Louisiana** that is not in accord with this Section is contrary to the public policy of this state and shall be null, void, and unenforceable.

Therefore, Section 22:1282 is inapplicable to an insurance policy issued in Arkansas for delivery in

Arkansas.

Additionally, Louisiana Civil Code Article 3537 provides that, except as otherwise provided in Title VI of the Code, "an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue."[5] After evaluating the strength and pertinence of the relevant policies of Arkansas and Louisiana, it is clear that Arkansas' policies would be more seriously impaired if its law were not applied to whether the insurance policy's exclusionary clause is enforceable.

The policy was negotiated and issued in Arkansas, and both Johnson and Brittany lived in and were domiciled in Arkansas at the time the policy was negotiated and issued and at the time of the accident. By its own terms, the policy was not intended to provide coverage for bodily injuries to Johnson or his family members. Neither Johnson nor State Auto likely considered that Louisiana law would govern the terms of the policy and hold the policy's exclusionary clause at issue in this case unenforceable. Furthermore, the policy conforms with Arkansas law.

The only contacts with Louisiana are the location of the accident and the current domicile of Brittany and Daffern. However, those contacts are not relevant to the negotiation or formation

---

[5]Article 3537 states that the Court should

> evaluat[e] the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

of the policy. Moreover, Daffern, as Brittany's provisional tutrix, will not be affected by the outcome of this case.

Because Arkansas law governs and provides that the insurance policy's exclusionary clause is enforceable, Brittany is not entitled to benefits under the policy.

## III. CONCLUSION

For the foregoing reasons, Johnson's Motion for Summary Judgment [Doc. No. 45] and State Auto's Motion for Summary Judgment [Doc. No. 47] are GRANTED, and this case is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 24th day of May, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE